## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST HARLEN, JR., | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| AFNI, INC., | CASE NO. 20-cv-910 |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT FOR RELIEF PURSUANT TO
## THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,
## THE UNITED STATES BANKRUPTCY CODE AUTOMATIC STAY, AND
## THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

COMES NOW Plaintiff, Ernest Harlen, Jr. ("Plaintiff"), by and through his attorneys, the Law Office of Ronald A. Buch, LLC, complaining of the Defendant, AFNI, INC., ("AFNI"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against AFNI for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Bankruptcy Automatic Stay pursuant to 11 U.S.C. §362, and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as AFNI transacts business in the Southern District of Illinois and all of these events or omissions giving rise to these claims occurred within the Southern District of Illinois.

**PARTIES**

4.   Plaintiff, Ernest Harlen, Jr., is a natural person who at all times relevant resided in Belleville, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3),  as he was obligated to pay the debt.

5.   At all times relevant to this action, AFNI was engaged to collect a debt on behalf of the original creditor, AT&T. ("Subject Debt")

6.   AFNI qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

7.   AFNI qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt, which is the subject of this complaint, was in default when AFNI acquired rights to the debt.

8.   AFNI qualifies as a "debt collector" as defined by the FDCPA because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

9.   At all times relevant to this complaint, AFNI was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

**FACTS SUPPORTING CAUSE OF ACTION**

10. On March 29, 2018, Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 18-30436, invoking the protection of the

automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit 1, a true and correct copy of the Notice of Bankruptcy.

11. Plaintiff listed DirecTV ("Original Creditor") as a creditor for a debt ("subject debt") on his bankruptcy Schedule E/F.  *See* Exhibit 2, a true and accurate copy of Schedule E/F filed with Plaintiff's Bankruptcy Petition.

12. Since Plaintiff listed the Original Creditor in his bankruptcy schedules, the Chapter 13 Trustee sent the Original Creditor notice of the bankruptcy filing. *See* attached Exhibit 3, a true and correct copy of the Certificate of Notice executed by the Chapter 13 Trustee establishing service of the notice of bankruptcy filing upon DirecTV.

13. Plaintiff's 341(a) meeting of creditors was held on May 8, 2018.

14. No representative of the Original Creditor attended the meeting of creditors.

### AFNI'S UNLAWFUL POST-PETITION COMMUNICATION

15. On August 10, 2020, with actual knowledge of Plaintiff's Bankruptcy case, AFNI attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at his home address in Belleville, Illinois. *See* Exhibit 4, a true and correct copy of the dunning letter sent to the Plaintiff, which reflected that AFNI's client was AT&T.

16. The dunning letter sent by AFNI sought to collect the subject debt and demanded payment in the amount of $919.63.

17. The dunning letter included a detachable payment coupon instructing Plaintiff to return to AFNI with payment. *Id*.

18. The August 10, 2020, dunning letter sent by AFNI to Plaintiff further stated, "This is an attempt to collect a debt.   Any information obtained will be used for that purpose.   This communication is from a debt collector." *Id*.

19. The August 10, 2020, dunning letter sent by AFNI to Plaintiff also stated, "In an effort to resolve this matter, we are willing to accept $597.76 to resolve your account.   Once you pay this discounted amount, your account will be closed and marked settled in full with Afni, Inc. and AT&T." *Id*.

20. Plaintiff contacted AFNI and was informed that the debt was for DirecTV services at 10 Catherine Court, Swansea, Illinois.

21. Plaintiff has not resided at 10 Catherine Court, Swansea, Illinois for ten (10) years or more.

22. In 2014, AT&T purchased the Original Creditor, DirecTV.

23. AFNI'S collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as fully set forth herein.

25. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as the amount due or owed to another arises out of a transaction primarily for personal, family or household purposes.

26. Defendant is a "debt collector" because it uses the mail system in the operation of collecting debts owed or due to another. 15 U.S.C. § 1692a(6).

27. Defendant violated 15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692e(2), 1692e(10), and 1692f through its debt collection efforts of the "subject debt" which is a consumer debt.

28. Defendant violated 15 U.S.C. § 1692b(6) and § 1692c(a)(2) as it knew or had reason to know that Plaintiff was represented by counsel and counsel did not consent to communication with the Plaintiff.

4

29. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the subject debt.  The subject debt was not collectible at the time Defendant demanded payment by virtue of the automatic stay.  Additionally, the subject debt was time-barred and not legally enforceable.

30. Defendant violated 15 U.S.C. §1692e(10) when it misrepresented that the subject debt was collectible when it sent the bill to Plaintiff, as it was not collectible by virtue of the automatic stay.

31. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because Defendant was no longer able to collect the subject debt under the automatic stay.

32. Defendant attempted to coerce Plaintiff into paying a debt that was not legally collectible because Plaintiff was protected by the automatic stay.

33. Defendant's offer to settle the subject debt for less than what was owed misled Plaintiff into believing that a time-barred debt is legally enforceable.

34. As an experienced debt collector, AFNI knew or should have known not to send bills to a debtor that is protected by the automatic stay.

35. AFNI knew or should have known that Plaintiff's pre-petition debt was uncollectable at the time due to the automatic stay.

36. AFNI appears to have no system in place to identify and cease the collection of debts included in an active Chapter 13 bankruptcy.

37. AFNI'S failure to scan their database to prevent the unlawful collection of the subject debt was willful.

38. Plaintiff suffered from AFNI'S unlawful collection activities.

39. Plaintiff suffered from emotional distress due to AFNI'S unlawful attempts to collect the subject debt, as he was led, by AFNI'S collection activities, to believe his bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiff.

40. Plaintiff was unduly inconvenienced and harassed by AFNI'S unlawful attempts to collect the subject debt.

41. Concerned about the violations of his rights and protections that were expected by his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that AFNI'S collection efforts ceased.

42. Plaintiff has expended time consulting with his attorneys and has incurred attorney's fees as a result of AFNI'S deceptive collection actions.

WHEREFORE, Plaintiff, Ernest Harlen, Jr., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff statutory damages for the underlying FDCPA violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY**

43. Plaintiff repeats and re-alleges paragraphs 1 through 42 as fully set forth herein.

44. The United States Bankruptcy code imposes an automatic stay against any act to collect, assess or recover a claim against a Debtor that arose prior to the filing for protection under the code pursuant to 11 U.S.C. § 362(a)(6).

45. The debt owed to AFNI is such a debt that the automatic stay is designed to prevent creditors and collectors from continuing to collect, assess or recover against the Plaintiff after the filing of the bankruptcy.

46. If the act to collect on the subject debt after the bankruptcy is filed is deemed willful then Plaintiff may recover actual damages as well as punitive damages pursuant to 11 U.S.C. § 362(k).

47. As the Original Creditor was notified of the bankruptcy filing prior to AFNI acquiring the debt, the actions taken by AFNI to collect on this debt while the Plaintiff was under the protection of the automatic stay were willful under 11 U.S.C. § 362(k).

48. Plaintiff suffered from AFNI'S unlawful collection activities.

49. Plaintiff suffered from emotional distress due to AFNI'S unlawful attempts to collect the subject debt, as he was led, by AFNI'S collection activities, to believe his bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiff.

50. Plaintiff was unduly inconvenienced and harassed by AFNI'S unlawful attempts to collect the subject debt.

51. Concerned about the violations of his rights, and due to the protections he expected as a result of his bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that AFNI'S collection efforts ceased.

52. Plaintiff has expended time consulting with his attorneys and has incurred attorney's fees as a result of AFNI'S deceptive collection actions.

WHEREFORE, Plaintiff, Ernest Harlen, Jr., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff's costs, reasonable attorney fees, and punitive damages pursuant to 11 U.S.C. § 362(k).

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD**
**AND DECEPTIVE BUSINESS PRACTICES ACT**

53. Plaintiff repeats and re-alleges paragraphs 1 through 52 as fully set forth herein.

54. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

55. AFNI is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

56. AFNI violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiff a debt protected by the Automatic Stay afforded by the Bankruptcy Code, 11 U.S.C. § 362.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

57. AFNI'S collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the dunning letter was sent to Plaintiff.

58. AFNI'S dunning letter was sent with knowledge of the automatic stay. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

59. AFNI'S failure to abide by the automatic stay constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

60. AFNI'S confusing and deceptive dunning letter sent to Plaintiff demonstrates that AFNI regularly engages in such practices designed to mislead debtors.

61. ICFA was designed to protect consumers from the unfair and deceptive acts committed by AFNI.

62. AFNI'S misrepresentations are unlawful, contradicting the intent of ICFA.

63. AFNI intended for Plaintiff to rely on its misrepresentations by sending the dunning letter to induce payment on an uncollectable debt.

64. It was unfair for AFNI to mislead Plaintiff into believing that he was presently obligated to make payment on the subject debt, when he was not.

65. It was unfair for AFNI to seek to collect the subject debt from Plaintiff through its misleading dunning letter.

66. It was unfair for AFNI to attempt to induce Plaintiff into making payments on an uncollectable debt by sending the dunning letter to Plaintiff.

67. AFNI intended that Plaintiff rely on its misrepresentation and Plaintiff did in fact rely on AFNI'S misrepresentation as he was led to believe his bankruptcy had no legal effect and that he still owed the subject debt to AFNI.

68. AFNI'S demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was under the automatic stay in Plaintiff's bankruptcy.

69. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

70. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

    a. Plaintiff has suffered damages in the form of emotional distress and time spent consulting with his attorneys as a result of AFNI'S unlawful collection practice.

    b. An award of punitive damages is appropriate because AFNI'S conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiff's rights, and Plaintiff had no choice but to submit to the dunning letter.

WHEREFORE, Plaintiff, Ernest Harlen, Jr., respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

    d. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c);

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 9, 2020                               Respectfully Submitted,

                                                /s/ Kimberly D. Litherland
                                                Kimberly D. Litherland, ARDC #: 6299352
                                                Attorney for Plaintiff
                                                Law Office of Ronald A. Buch, LLC
                                                5312 West Main Street
                                                Belleville, IL 62226
                                                Phone: (618) 236-7000
                                                Fax: (618) 236-7002